Pratt, J.
It is difficult for me to see any good ground upon which to base a recovery for the plaintiff in this action.
Even if we assume it was the duty of the defendant to set a watch or adopt rules for the protection of- its workmen while trains were passing over the trestle work, still the case shows clearly contributory'negligence upon the part of the deceased. He knew the risks of walking upon the tracks, and that trains were constantly passing and repassing. In this instance he had abundant opportunity to avoid both trains, and his failure to do so can only be attributed to gross negligence.
A man whose business it was to work upon trestle work could easily have stepped to either side of the track or between the trains and secured a perfectly safe place. If it is claimed that something must be pardoned for the exigency in which he was placed, the reply is, that he deliberately assumed the risk knowing what he would have to do in case two trains met upon the trestle work while he was thereon.
Neither do we think the defendant owed the deceased the duty to warn him of the approach of the trains; it was not necessary. If he was not warned by the engine, no warning would have been sufficient; besides, he was not at work a', time of the injury, but was traveling to his work.
No rulés were required, or practicable to warn workmen on the trestle of danger. The evidence shows that at almost any place the men could step upon timbers and be out of the way of the trains, and no rule could be framed that would give any useful information to the workmen on this subject.
The case was properly disposed of below, and must be affirmed, with costs.
Dykman, J., concurs; Babnabd, P. J., dissenting.